BENJAMIN HIRSCH, SAMUEL HIRSCH and LOUIS A. ROCK, Copartners, Trading as HIRSCH BROS. & ROCK, Plaintiffs, Appellants, *v.* JOSEPH SHERMAN, Defendant, Respondent.

Supreme Court, Appellate Term, First Department, June 26, 1924.

Evidence — action for value of goods sold and delivered — testimony of defendant's manager as to conversation had with one of plaintiffs over telephone affecting date of return of goods — evidence as to identity of voice insufficient — judgment incorrect in form pursuant to Civil Practice Act, § 173.

It is error for the trial court in an action for the value of goods sold and delivered, where the question litigated was the condition of certain of the goods which had been returned and the reasonableness of the return date, to overrule plaintiff's objection to the testimony of defendant's manager as to a conversation had with one of the plaintiffs over the telephone affecting the date of the return of the goods where the only evidence of identity of the voice was the witness' statement that the person answered "yes" to his inquiry as to whether he was a certain person, since such identity is insufficient.

Pursuant to section 173 of the Civil Practice Act, the judgment is incorrect in form.

APPEAL by plaintiffs from a judgment of the Municipal Court of the city of New York, borough of Manhattan, ninth district, in favor of defendant, after a trial by a judge without a jury.

*I. M. Lichtigman,* for the appellants.

*Abraham J. Halprin,* for the respondent.

*Per Curiam.* Plaintiffs sued for the value of goods sold and delivered to the defendant. Defendant conceded half the bill and tendered that amount into court. As to the other half he claimed that the goods were unsatisfactory and had been returned or tendered. The question litigated was the condition of the goods

and the date of their return, involving as a corollary whether that date was a reasonable one. The defendant's manager was allowed to testify to a conversation over the telephone affecting the date of the return had with one of the plaintiffs, who was not present in court. Plaintiffs' counsel objected unless the voice of the speaker was identified, and the court thereupon asked the following questions: "The Court: Did you ever speak to the plaintiff? The Witness: No sir. The Court: How did you know you were talking to Mr. Rock? The Witness: I asked him was this Mr. Rock, and he said ' Yes.' "  The objection was thereupon overruled and the testimony given. This was plainly insufficient to identify the voice as that of Mr. Rock, and undoubtedly influenced the court upon a close conflict of fact.

The judgment is also incorrect in form under section 173 of the Civil Practice Act.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, BIJUR, MULLAN and LEVY, **JJ.**

Judgment reversed and new trial ordered.